IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| DAYTON SUPERIOR CORP.<br><br>    Plaintiff,<br><br>vs.<br><br>TODD JONES<br><br>    Defendant. | Case No. 3:15-cv-00421-TMR<br><br>Judge Thomas M. Rose<br><br>**ORDER** |

This matter is before the Court upon the agreement of the parties and for good cause shown, IT IS HEREBY ORDERED that Defendant Todd Jones ("Jones") shall be permitted to remain employed at A.L. Patterson, Inc. ("Patterson") on the express condition that he shall not engage in any outside sales activity in Alabama, Georgia, Florida, and Mississippi ("geographic territory"), no matter where Jones may reside or be headquartered on behalf of Patterson. For purposes of this injunction, the term "sales activity" shall mean sales calls, site visits, face-to-face sales activities, communications with customers, directly or indirectly preparing quotations or otherwise directly or indirectly assisting in a project or serving as an engineering liaison for any Dayton Superior Corp. ("Dayton Superior") customer with whom Jones had contact during the last two years of his employment, regardless of the geographic location of the particular project.

Except as provided in this injunction, Jones' Employment Agreement ("Agreement"), with Dayton Superior, attached as Exhibit 1 to the Complaint, shall otherwise remain in effect including in the event that Jones should seek employment with an employer other than Patterson. Further, Jones expressly reaffirms and agrees to abide by the confidentiality and non-solicitation provisions of that Agreement.

Jones shall perform an exhaustive search of his home, automobile, and any other place which he may have information relating to his prior employment with Dayton Superior including, without limitation, electronic storage devices and printed materials, including, specifically, the Jetflash Transcend 4GB USB Device with serial number 15KAO0RHD94BHM70, and the Dayton Superior files identified in the Expert Report of John Liptak (Doc. 14-1) as having been opened with Jones' Dayton Superior laptop. If Jones fails to locate any such material, he will execute an affidavit certifying the efforts of his search and the results of his search. If Jones does locate such material, he will promptly turn it over to his legal counsel who will, in turn, provide it to counsel for Dayton Superior after any forensic imaging, if applicable. In the event that Jones locates any of the storage devices referenced in the December, 2015 forensic report obtained by Dayton Superior, and the inspection of such storage device indicates that it has not been accessed since it was initially saved, the restrictions set forth in this injunction shall be shortened to September 8th, 2016. Otherwise, the restrictions set forth in this injunction shall remain in full force and effect through and including November 30, 2016.

Jones will not use, disclose, or otherwise disseminate any confidential information or trade secret information of Dayton Superior.

Jones represents and warrants that he has the permission of Patterson to obtain a vendor selected by mutual agreement of counsel for Dayton Superior and Jones to perform an inspection of the laptop which he has utilized in connection with his employment at Patterson. Such inspection shall be conducted within 14 days of the date of this injunction and then, a second time, no later than 180 days from the date of this injunction. Such inspection shall be limited to a search for USB activity in the windows

registry and event log on the Patterson computer, as well as a search for the files referenced in the report of John Liptak, outlined above. In the event the search reveals documents that match those file names, the documents will be handled on an attorneys' eyes only basis until the attorneys can ascertain whether they are Dayton Superior or Patterson documents.

The Court retains jurisdiction over the parties for purposes of the enforcement of this injunction and this injunction shall expire on December 4th, 2016. This Order supersedes and replaces the prior Agreed Order of the parties. Upon the expiration of the Order as outlined above, the parties shall submit a Stipulation of Dismissal.

_____
Judge

**AGREED TO:**

/s/ Deborah S. Brenneman
Deborah S. Brenneman (0062113)
George B. Musekamp (0087060)
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio  45202
(513) 352-6638; (513) 241-4771 fax
*Debbie.Brenneman@ThompsonHine.com*
*George.Musekamp@ThompsonHine.com*
**Attorneys for Plaintiff**

/s/ Michael A. Galasso
Michael A. Galasso (0072470)
James M. Kelly (0016984)
Robbins, Kelly, Patterson & Tucker
7 West Seventh Street, Suite 1400
Cincinnati, Ohio  45202-2417
(513) 721-3330; (513) 721-5001 fax
*mgalasso@rkpt.com; jkelly@rkpt.com*
**Attorneys for Defendant**